# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| COUNTY OF HOPKINS<br><br>v.<br><br>ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., PURDUE PHARMA, L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a/ JANSSEN PHARMACEUTICA, INC., ALLERGAN PLC, ACTAVIS, INC., INSYS THERAPEUTICS, INC., ABBOTT LABORATORIES, KNOLL PHARMACEUTICAL COMPANY, a wholly-owned subsidiary of ABBOTT LABORATORIES; MCKESSON CORPORATION, CARDINAL HEALTH, INC., AMERISOURCEBERGEN CORPORATION, M.D. DON MARTIN O'NEAL, M.D. HOWARD GREGG DIAMOND, ALLERGAN FINANCE LLC, and DOES 1 - 100, INCLUSIVE | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-00845<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #7). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted.

On October 30, 2017, Plaintiff County of Hopkins, filed this action in the 62nd Judicial District Court of Hopkins County, Texas (Dkt. #1, Exhibit 1). On December 11, 2017, Defendants

Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") removed this case to the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that removal was proper based upon diversity of citizenship (Dkt. #1 at p. 7) ("Plaintiff is Diverse from the Manufacturer and Distributor Defendants."). On December 14, 2017, Plaintiff filed a motion to remand (Dkt. #7). On December 19, 2017, Endo filed its response (Dkt. #30). In its response, Endo states:

> On December 18, 2017—after this case was removed and after the telephone conference with this Court on December 15—Endo learned that one of the members up the chain of ownership of Purdue Pharma L.P. (one of the alleged "Manufacturer Defendants") was potentially a resident of Texas, which was then confirmed on December 19. Accordingly, Endo no longer directly opposes remand because the grounds for removal depended on the diversity of all "Manufacturer Defendants" from Plaintiff.

(Dkt. #30 at p. 2).

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted). Plaintiff is a Texas citizen and Endo concedes that that one of the Manufacturer Defendants is a Texas citizen. For purposes of diversity, the citizenship of a limited liability company and a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). Thus, complete diversity is lacking and remand is proper.

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #7) is hereby **GRANTED** and this case is remanded to the 62nd Judicial District Court of Hopkins County, Texas.

**IT IS SO ORDERED**.

**SIGNED this 20th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE